UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ERIC LEE FOBBS,**

    **Petitioner,**

v.                                                     **Civil No. 4:23-CV-659-P**

**BILL WAYBOURN, Sheriff,**
**Tarrant County, Texas,**

    **Respondent.**

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Eric Lee Fobbs ("Fobbs"), a state prisoner now confined in the Byrd Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID).[1] After considering the pleadings and relief sought the Court concludes that the petition must be **DISMISSED without prejudice.**

## I.    STATEMENT OF THE CASE/BACKGROUND

On June 20, 2023, Fobbs was convicted in the Tarrant County Criminal District Court No. 2 of one count of sexual assault of a child and three counts of indecency with a child by contact. Resp. 8-21 (Exhibit 1: Judgments, No. 1648121 (Counts 1, 3, 4, and 5), ECF No. 19; Sec. Am. Pet. 2, ECF No. 7. On July 13, 2023, Fobbs filed a notice of appeal in the Second Court of Appeals. Resp. 23-25,(Exhibit 2: Notice of Appeal, Case No. 02-23-00174-CR), ECF No. 19. The docket of that court shows that the direct appeal is still pending. *See* https://search.txcourts.gov/Case.aspx?cn=02-23-00174-CR&coa=coa02&p=1).

---

[1] At the time he filed the petition, Fobbs was still housed in the Tarrant County jail, but he has since been transferred into, and is now in custody of, the TDCJ-CID. Pet. 3-4, ECF No. 1; Status Request Update, ECF No. 17.

On June 27, 2023, Fobbs filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions. Pet., ECF No. 1. In response to an Order from this Court, Petitioner filed an amended petition for writ of habeas corpus on June 29, 2023. Am. Pet., ECF No. 5. Subsequently, on July 21, 2023, Fobbs filed a second amended petition for writ of habeas corpus. Sec. Am. Pet., ECF No. 7. In compliance with this Court's order, Respondent filed a response with exhibits thereto. Resp. 1-28, ECF No. 19. Fobbs has filed miscellaneous correspondence. ECF Nos. 21, 22, 23. The § 2254 petition is ripe for consideration.

## II.   GROUNDS FOR RELIEF

Fobbs raises the following grounds:

1. He was denied a right to speak;
2. The use of a 30-year-old prior conviction, and the testimony of that prior victim, at trial was a violation of double jeopardy;
3. Evidence was tampered with before trial; and
4. Lies were presented against him.

Sec. Am. Pet.6-8, ECF No. 7. For relief, Fobbs requests "a fair trial," "a new trial," to "take away the Life Sentence," and "either go home or I will sign a 10 or 15" year sentence. Sec. Am. Pet. 8, ECF No. 7.

## III.   ANALYSIS- FAILURE TO EXHAUST STATE REMEDIES

It is well settled that a post-conviction habeas corpus petition filed under 28 U.S.C. § 2254 must have exhausted state remedies prior to filing in federal court. *See* 28 U.S.C. § 2254(b)–(c); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-77 (1971);

*Woodfox v. Cain*, 609 F.3d 774, 790 (5th Cir. 2010). A petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6-8 (1982). In Texas, a prisoner does not satisfy the exhaustion requirement unless he has raised his claims with the Texas Court of Criminal Appeals (TCCA) through a timely petition for discretionary review after direct appeal, or through an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990); *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

Review of the docket of the state court shows that Fobbs's convictions are still on direct appeal. *See* https://search.txcourts.gov/Case.aspx?cn=02-23-00174-CR&coa=coa02&p=1). Therefore, since the TCCA has not had the proper opportunity to review and rule upon the merits of Fobs's claims, he has not exhausted his state-court remedies. The § 2254 petitioner must, therefore, be dismissed without prejudice.

### IV.     CONCLUSION

For the reasons discussed, it is therefore **ORDERED** that petitioner Eric Lee Fobbs's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of exhaustion of state-court remedies. Further, a certificate of appealability is **DENIED** as Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would question this Court's procedural ruling.

**SO ORDERED** on this **20th day** of **December 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE